**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (253265)
david@kazlg.com
Mona Amini, Esq. (296829)
mona@kazlg.com
Ashley LaPointe, Esq. (365017)
ashley@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Tony Esposito

KAZEROUNI LAW GROUP, APC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY ESPOSITO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OX CAR CARE, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>**1. THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. Plaintiff TONY ESPOSITO ("Mr. Esposito" or "Plaintiff"), individually and on behalf of the proposed Class defined below, brings this class action lawsuit challenging the unlawful actions of OX CAR CARE, INC., ("OX Car Care" or "Defendant"). Defendant negligently, knowingly and/or willfully placed unsolicited telephone calls to Plaintiff and the putative class on their respective cellular phones which are registered with the National Do-Not Call Registry ('DNC"), all in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA"), thereby invading the privacy of Plaintiff and the putative class members.

2. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Defendant placed numerous unsolicited telephone calls to Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff without Plaintiff's prior express consent, in violation of the TCPA 47 U.S.C. § 227.

5. The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## NATURE OF THE ACTION

7. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy…." Telephone Consumer

Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

8. The TCPA was designed to prevent calls and messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

9. Specifically, the TCPA restricts telephone solicitations (*i.e.*, telemarketing), as well as violations of the TCPA's National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).[1]

10. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12

11. The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls.

---

[1] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.



KAZEROUNI LAW GROUP, APC

The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.

12. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

13. With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a wrong number violates the TCPA.

14. The TCPA provides for damages in the amount of $500 for each negligent violation and treble damages of $1,500 for each knowing or willful violation. *See* 47 U.S.C. § 227(c)(5).

15. The transmission of an unsolicited calls and voice messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 47 U.S.C § 227(b).

17. Personal jurisdiction is established because Defendant conducts business in the State of California. At all times relevant herein, Defendant conducted



KAZEROUNI LAW GROUP, APC

business in the State of California, and within this judicial district.

18. Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiff resides within this judicial district; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial district at all times relevant.

19. Specifically, Defendant invaded Plaintiff's privacy by contacting Plaintiff on his cellular telephone in violation of the TCPA, while Plaintiff resided in Glendale, California, which is within this judicial district.

**PARTIES**

20. Plaintiff is an individual residing in the County of Los Angeles, State of California, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Defendant, is, and at all times mentioned herein was, a corporation organized under the laws of the State of Delaware, with a principal place of business or headquarters located in in Irvine, California. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, and within this judicial district. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

//

//



KAZEROUNI LAW GROUP, APC

## FACTUAL ALLEGATIONS

23. At all times relevant, Plaintiff is an individual residing within the State of California. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

24. In Defendant's overzealous attempts to market its products and/or service, Defendant willfully or knowingly placed (a) unsolicited phone calls utilizing an artificial or prerecorded voice without the prior express written consent of Plaintiff and other similarly situated call recipients and (b) unsolicited phone calls to person who have registered their cellular telephone number on the DNC.

25. Through this conduct, Defendant has invaded the privacy of Plaintiff and the members of the Class defined below.

26. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number of ending in 6070 ("Cell Phone"). Plaintiff is the sole user and/or subscriber of his Cell Phone.[2]

27. Plaintiff's Cell Phone was registered on the National Do Not Call Registry since on or about November 5, 2021.

28. Sometime in September 2025, Defendant began placing numerous telephone calls to Plaintiff's Cell Phone.

29. Indeed, on or about September 23, 2025, at approximately 1:41 p.m. Defendant placed a telephone call utilizing an artificial or prerecorded voice and left a pre-recorded voicemail message to Plaintiff on his Cell Phone from the number (228) 338-1408.

30. Defendant placed similar additional telephone calls on November 27, 2025, at approximately 11:12 a.m., from number (530) 296-7950 and later that same

[2] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, accessed on June 3, 2021: Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.



KAZEROUNI LAW GROUP, APC

day at approximately 11:49 a.m., to Plaintiff on his Cell Phone from number (818) 293-4502.

31. Then on January 25, 2026, at approximately 1:34 p.m., Defendant placed another call to Plaintiff on his Cell Phone from the number (909) 479-3542.

32. Upon information and belief, the above calls were made by Defendant using an "artificial or prerecorded voice" as prohibited by 47 U.S.C § 227(b)(1)(A), to contact Plaintiff.

33. When reviewing the voice message received on Plaintiff's Cell Phone, Plaintiff heard a computerized artificial voice and/or pre-recorded voice message.

34. Upon information and belief, the above calls from Defendant were to promote or sell Plaintiff goods or services because Defendant's messages mentioned auto warranty asked Plaintiff to call Defendant back at 844-299-0855.

35. The numerous unwanted calls from Defendant invaded Plaintiff's privacy, caused Plaintiff to become annoyed, frustrated, and caused Plaintiff emotional distress. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's Cell Phone by forcing him to silence his Cell Phone and/or block incoming calls.

36. At no point did Plaintiff provide prior express consent for any of the telephone calls that Defendant placed to Plaintiff's Cell Phone.

37. Such telephone calls constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

38. Plaintiff's Cell Phone number was registered on the DNC since November 5, 2021.

39. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

40. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

and protected by the TCPA.

41. Defendant's calls invaded the privacy of Plaintiff and other similarly situated Class members and forced them to live without the full utility of their cellular phones by occupying their telephone with one or more unwanted calls, consuming their cellular phones' storage with pre-recorded voicemails, causing nuisance and lost time.

42. The telephone number Defendant or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

43. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

44. Plaintiff received numerous telephone calls from Defendant utilizing an artificial or pre-recorded voice.

45. Plaintiff received numerous telephone calls from Defendant more than 31 days after his Cell Phone registration on the DNC and within the four-year period prior to the filing of the Complaint and

46. Plaintiff did not have an established business relationship with Defendant during the time of the telephone calls from Defendant.

47. Plaintiff did not have a personal relationship with Defendant at any point in time.

48. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to place calls to Plaintiff's Cell Phone utilizing an artificial or pre-recorded voice or for any purpose.

49. The telephone calls Defendant placed to Plaintiff consisted of a pre-written template of impersonal content and was identical to similar telephone calls Defendant placed to other members of the Class.

50. Upon information and belief, Defendant placed substantially similar, if not identical, unsolicited telephone calls *en masse* to Plaintiff and thousands of other

consumers.

51. Upon information and belief, Defendant did not make the telephone calls in error.

52. Defendant's calls to Plaintiff's Cell Phone number were unsolicited and were made without Plaintiff's prior express consent. Plaintiff never provided Defendant with consent to place calls to Plaintiff's cellular telephone using an artificial or prerecorded voice. Accordingly, Defendant violated 47 U.S.C. § 227(b)(1)(A).

53. Defendant's calls to Plaintiff's Cell Phone number were unsolicited and were made without Plaintiff's consent while Plaintiff's Cell Phone was registered on the DNC in violation of 47 U.S.C. § 227(c).

54. Receiving Defendant's unauthorized telephone calls drained Plaintiff's cellular phone battery and caused Plaintiff additional electricity expenses and wear and tear on his cell phone and battery.

55. Through this conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

56. Plaintiff was personally affected because Plaintiff was frustrated, distressed, disturbed, and felt harassed that Defendant and/or their agents continued to place unsolicited and unauthorized telephone calls to Plaintiff's Cell Phone.

57. Defendant's telephonic communications forced Plaintiff to be deprived of the privacy and utility of his cellular phone by forcing Plaintiff to ignore or reject Defendant's disruptive messages, dismiss alerts, and/or silence his cellular phone as a result of Defendant's incessant telephone calls.

58. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant placed the phone calls to Plaintiff without his consent, Defendant failed to address or respect the limitations



KAZEROUNI LAW GROUP, APC

imposed by the TCPA. In doing so, Defendant invaded Plaintiff's privacy and violated the spirit and intent behind the TCPA.

59. Defendant's violations caused Plaintiffs to suffer real and concrete harm in the form of intrusion and distraction, wasted time, wasted cellular phone battery, loss of cellular phone use, and natural and foreseeable stress and frustration in connection with the foregoing, all of which the TCPA was designed to prevent.

60. Through the aforementioned conduct, Defendant each repeatedly violated the TCPA, 47 U.S.C. §§ 227, et seq., numerous times.

## CLASS ACTION ALLEGATIONS

61. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated.

62. Plaintiff represents, and is a member of, the Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> **National DNC Class:**
> All persons within the United States (1) registered on the National Do-Not-Call Registry for at least 31 days, (2) who received more than one telephone solicitation (3) made by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

63. Plaintiff represents, and is a member of, the Sub-Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> **National Pre-Recorded Voice Sub-Class**
> All persons within the United States who received any phone calls from Defendant to said person's cellular telephone made wish the use of an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

64. Excluded from the Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and



KAZEROUNI LAW GROUP, APC

the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

65. Plaintiff reserves the right to redefine the Classes, and to add and redefine any additional subclass as appropriate based on discovery and specific theories of liability.

66. The Classes that Plaintiff seeks to represent contains numerous members and is ascertainable including, without limitation, by using Defendant's records to determine the size of the Classes and to determine the identities of individual Class members.

**Numerosity**

67. Upon information and belief, the members of the Class and Sub-Class are so numerous that joinder of all of them is impracticable. The exact number of the members of the Class and Sub-Class is unknown to Plaintiff at this time, and can (and will) be determined through appropriate discovery. However, given that, on information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, unsolicited calls to hundreds, if not thousands, of customers' cellular telephones nationwide and transmitting an artificial or prerecorded voice message, during the proposed class period, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

68. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

a) Whether within the four years prior to the filing of this Complaint, Defendant or employees or agents transmitted any calls, including any artificial or prerecorded calls, without the prior express consent of

KAZEROUNI LAW GROUP, APC

Plaintiff and Class members;

b) What is Defendant's conduct, pattern, and practice as it pertains to placing telemarketing phone calls;

c) Whether Defendant can meet its burden to show Defendant has prior express consent to place the calls complained of, assuming such an affirmative defense is raised;

d) Whether Defendant's conduct was knowing and/or willful;

e) Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation;

f) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future;

a) Whether Defendant's conduct violated the TCPA; and

b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation.

**Typicality**

69. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all members of the Class and Sub-Class, as demonstrated herein.

70. Plaintiff represents and is a member of the National DNC Class because Plaintiff received at least one call using a prerecorded voice without prior express consent to the Defendant within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of the claims of Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the Classes that Plaintiff seeks to represent.

71. Plaintiff's claims are typical of the claims of the members of the Sub-Class. Plaintiff has had to suffer the burden and invasion of privacy of receiving



KAZEROUNI LAW GROUP, APC

unsolicited telephone calls to his cellular telephone from Defendant while his number was registered on the National Do Not Call Registry. Thus, his injuries are typical to Sub-Class Members.

72. Plaintiff and all members of the Class and Sub-Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

**Adequacy**

73. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Classes with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any members of the Classes. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

74. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each member of the Class and Sub-Class. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other members of the Classes.

**Predominance**

75. Questions of law or fact common to the members of the Class and Sub-Class predominate over any questions affecting only individual members of the Classes. The elements of the legal claims brought by Plaintiff and members of the Class and Sub-Class are capable of proof at trial through evidence that is common to the class rather than individual to its members.

**Superiority**

76. A class action is superior to other available methods for the fair and

efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Class and Sub-Class. Even if every individual member of the Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

77. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each member of the Class and Sub-Class. Further, it will prevent the very real harm that would be suffered by numerous members of the Classes who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

78. The prosecution of separate actions by individual members of the Class and Sub-Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party members of the Classes to protect their interests.

79. The prosecution of individual actions by members of the Class and Sub-Class would establish inconsistent standards of conduct for Defendant.

80. Defendant has acted or refused to act in ways generally applicable to the Classes, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Classes as a whole. Likewise,



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

81. The Class and Sub-Class may also be certified because:

(a) the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class and Sub-Class as a whole.

82. This suit seeks only damages and injunctive relief for recovery of statutory damages on behalf of Plaintiff and the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.

## First Cause of Action

### Negligent Violations of the TCPA
### 47 U.S.C. §§ 227, *et seq.*
### On Behalf of the Classes

83. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

84. The forgoing acts and omissions of Defendant, including Defendant's repeated calls using an artificial and/or prerecorded voice to Plaintiff's cellular phone, without any prior express consent and/or repeated calls to cellular phones which are registered with the National Do-Not Call Registry, constitute numerous

KAZEROUNI LAW GROUP, APC

and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

85. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

86. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, et seq., Plaintiff and all members of the Class are also entitled to, and seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5)(C).

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. §§ 227, *ET SEQ.*
## ON BEHALF OF THE CLASSES

87. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

88. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

89. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

90. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and all members of the Class are also entitled to, and do seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Classes, prays for the following relief:

KAZEROUNI LAW GROUP, APC

- That this action be certified as a Class Action, establishing the Class, Sub-Class and any appropriate sub-class(es) that the Court may deem appropriate;
- Appointing Plaintiff as the representative of the Class and Sub-Class;
- Appointing the law firms representing Plaintiff as Class Counsel;
- Pre-judgment and post-judgment interest;
- Costs of suit;
- An award of reasonable attorneys' fees and costs to Plaintiff and the Class, pursuant to the common fund doctrine and, *inter alia,* California Code of Civil Procedure § 1021.5;

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, *ET SEQ*.**

- An award of $500.00 in statutory damages to Plaintiff and each member of the Class for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An award of $500.00 in statutory damages to Plaintiff and each member of the Class for each and every negligent violation of 47 U.S.C. § 227(c) by Defendant, pursuant to 47 U.S.C. § 227(c)(5)(B);
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A) and/or 47 U.S.C. § 227(c)(5)(A);
- Any other further relief that the court may deem just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, *ET SEQ*.**

- An award of $1,500.00 in statutory damages to Plaintiff and each member of the Class for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(C);

- An award of $1,500.00 in statutory damages to Plaintiff and each member of the Class for each and every knowing and/or willful violation of 47 U.S.C. § 227(c) by Defendant, pursuant to 47 U.S.C. § 227(c)(5)(C);
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A) and/or 47 U.S.C. § 227(c)(5)(A)
- Any other further relief that the court may deem just and proper.

## JURY DEMAND

91. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: March 3, 2026

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/ Mona Amini*
David J. McGlothlin, Esq.
Mona Amini, Esq.
Ashley LaPointe, Esq.
*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC